UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) ) | |
| GORRELL DAIRY LLC | ) | CHAPTER 12 |
| ************************************** | ) | CASE NO. 5-18-bk-05275 RNO |
| GLENN D. GORRELL | ) | CASE NO. 5-18-bk-05276 RNO |
| ROBIN J. GORRELL | ) | (Jointly Administered) |
| Debtors. | ) ) ) | |

## ORDER OF CONFIRMATION

Separate petitions were filed by the debtor Gorrell Dairy, LLC, and the debtors Glenn D. and Robin J. Gorrell (the "Debtors") under Chapter 12 of the Bankruptcy Code, and meetings of creditors were conducted upon due notice pursuant to 11 U.S.C. §341 at which the Chapter 12 Trustee, Debtors, and attorney for Debtors were present and creditors or representatives of creditors were afforded an opportunity to be heard.

A hearing on confirmation of the Debtors' Joint Second Amended Chapter 12 Plan (the "Plan") has been held upon due notice pursuant to 11 U.S.C. §1224. The Court has heard and determined all objections to confirmation and has considered the Plan as proposed or modified.

The Plan under Chapter 12 of the Bankruptcy Code filed by the Debtors on October 15, 2019, or a summary thereof, having been transmitted to all creditors and parties in interest, and not having been further modified.

The Court therefore finds:

- The Plan complies with the provisions of Chapter 12, Title 11 United States Code, and other applicable provisions of Title 11;

- All fees, charges or amounts required under Chapter 12 of Title 28, or by the Plan, to be paid before confirmation, have been paid;

- The Plan represents the Debtors' reasonable effort and has been proposed in good faith and not by any means forbidden by law;

- The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estates of Debtors were liquidated under Chapter 7 of Title 11 on such date;

- With respect to each allowed secured claim provided for by the Plan, the holder of each claim has accepted the Plan; or the Plan provides that the holder of each claim retain the lien securing such claim, and the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claim; or Debtors have agreed to surrender the property securing such claim to the holder thereof;

- Debtors appear to be able to make all payments under the Plan and to comply with the Plan.

- The Plan provides for payments to the Trustee over a period of 36 months or less, or in the alternative, the Court for cause has approved a plan of more than 36 months as set forth in the Plan;

- The Plan provides for the submission of such portion of the future income of Debtor to the supervision and control of the Chapter 12 Trustee as is necessary for the execution of the Plan;

- The Plan provides for payment in full immediately or by deferred cash payments of all claims entitled to priority under 11 U.S.C. §507, or there is an agreement with the holder of a particular claim providing for a different treatment of such claim;

- The Plan provides for the same treatment for each claim within each of the particular classes of claims designated; and

- There is presently pending no opposition to confirmation of the Plan; it is accordingly,

**ORDERED, ADJUDGED AND DECREED,** that

1. Debtors' Plan under Chapter 12 of the Bankruptcy Code, as proposed or modified, is confirmed.

2. Debtors are stayed and enjoined from incurring any new debts in excess of $1,000.00 out of the ordinary course of business except such debts as may be necessary for emergency medical or hospital care without prior approval of the Court unless such prior approval was impracticable and therefore cannot be obtained.

3. Except as provided by specific order of this Court, all entities are and continue to be subject to the provisions of 11 U.S.C. §362 insofar as they are stayed or enjoined from commencing or continuing any proceeding or matter against Debtors, as the same is defined by Section 361, and subject to the provision of 11 U.S.C. §1201 insofar as they are stayed or enjoined from commencing or continuing any proceeding or matter against a co-debtor, as the same is defined by Section 1201.

4. The provisions of this Plan bind the Debtors and each creditor, whether or not such creditor has objected to, has accepted, or has rejected the Plan.

5. That the Debtors' Joint Second Amended Chapter 12 Plan filed on October 15, 2019, is confirmed with the payments to be made to William G. Schwab, Trustee, in the sum of $31,480.00 for twenty four (24) months, and $54,812.00 for thirty-six (36) months, with the payments commencing November 1, 2019. A copy of the confirmed Plan is attached.

6. Fees for the Debtors' attorney shall be granted pending further order.

7. All of the Debtors' wages and property of whatever nature and kind and wherever located, shall remain under the exclusive jurisdiction of this Court; and title to all of the Debtors' property of whatever nature and kind, and wherever located is hereby vested in the Debtors during the pendency of these Chapter 12 proceedings pursuant to the provisions of 11 U.S.C. §1227 except to the extent necessary for the Court to continue to exercise its jurisdiction.

8. If the Debtors fail to receive a discharge under 1228 of the Bankruptcy Code, then any compromise arrangements made by secured creditors may be avoided and the original obligations between the parties reinstated, except to the extent that this Court specifically orders otherwise.

9. Pursuant to 11 U.S.C. §1202(b)(2) the Trustee is ORDERED not to perform the duties specified in 11 U.S.C. §1106(a)(4) until further ordered from this Court.

10. All property of the estate, including any income, earnings or other property which may become a part of the estate during administration of the case, which property is not proposed or reasonably contemplated to be distributable to claimants under the Plan, shall revest in the Debtors, provided, however, that no property received by the Trustee for the purpose of distribution under the Plan shall revest in the Debtors except to the extent that such property may be in excess of the amount needed to pay in full all allowed claims as provided in the Plan. Such

property as may revest in the Debtors shall so revest upon the approval of the Court and the Chapter 12 Trustee.

Dated: _____, 2019
       Wilkes Barre, Pennsylvania

                              HON. ROBERT N. OPEL, II
                              U.S. BANKRUPTCY JUDGE