IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CHAPTER 12 |
| GORRELL DAIRY LLC And | CASE NO. 5:18-bk-05275 |
| GLENN D. GORRELL | OBJECTION TO DEBTORS' |
| ROBIN J. GORRELL | MOTOION TO MODIFY PLAN |
| Debtors (Jointly Administered) | |
| KARA K. GENDRON | |
| CHAPTER 12 TRUSTEE | |
| Movant | |
| v. | |
| GORRELL DAIRY LLC And | |
| GLENN D. GORRELL | |
| ROBIN J. GORRELL | |
| Respondents (Jointly Administered) | |

## TRUSTEE'S LIMITED OBJECTION TO DEBTORS' MOTION TO MODIFY CHAPTER 12 PLAN

AND NOW, comes Kara K. Gendron, Trustee for the Estate of Gorrell Dairy LLC. and Glenn D. Gorrell and Robin J. Gorrell by and through her counsel, Kara K. Gendron, Esquire of Mott & Gendron Law and hereby objects to the Debtors' Motion to modify the Debtors' Chapter 12 Plan and in support thereof, Trustee respectfully states the following

### JURISDICTION

1. The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 157.

2. This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), and (L).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

4. The legal predicate for the relief requested is 11 U.S.C. 11 U.S.C. §1229.

### PARTIES

5.  The Trustee/Objector, Kara K. Gendron, Esquire, is the duly appointed, qualified, and acting Trustee in the above captioned bankruptcy proceeding, having her place of business at 125 State Street, Harrisburg, Pennsylvania 17101.

6.  The Respondents/Debtors are Gorrell Dairy LLC. and Glenn D. Gorrell and Robin J. Gorrell.

## FACTUAL ALLEGATIONS

7.  On December 17, 2018, Gorrell Dairy LLC commenced its reorganization by filing a voluntary petition for relief under Chapter 12 of Title 11 of the United States Code.  At the time of filing, Gorrell Dairy LLC operated a dairy farm comprising of approximately 1226 head of cattle on a diary farmstead.  The dairy farm real property is owned by Glenn and Robin Gorrell.  The Gorrells are 100% members of Gorrell Dairy LLC.  Also on December 17, 2018, Glenn and Robin Gorrell commenced their reorganization by filing a voluntary petition for relief under chapter 12 of title 11 of the United States Code.

8.  On December 18, 2018, William G. Schwab, Esquire was appointed as the Chapter 12 case Trustee.

9.  On December 31, 2018, David H. Ealy, Esquire of Trevett Cristo Salzer and Andolina PC, filed an Application to Employ himself and his firm as counsel for Gorrell Dairy LLC and the Application was approved by Order dated January 14, 2019.

10.  On March 18, 2019, Debtor's counsel filed a Motion for Joint Administration of the Gorrell Dairy LLC case and the chapter 12 case of the Gorrells.  Said Motion was granted by Order dated April 18, 2019.

11.  The Debtor filed plans, which were met with various objections, and thereafter amended.  On October 15, 2019, the Debtor filed a Second Amended Plan, which was ultimately confirmed on November 27, 2019.

12.  On February 2, 2022, the US Trustee appointed the undersigned, Kara Gendron, Esquire to serve as Successor Trustee in this case due to William G. Schwab's retirement and his appointment as Trustee in the instant case was thereby revoked.  Since her appointment as Chapter 12 Trustee to the case, the undersigned Trustee has been submitting monthly, then quarterly chapter 12 operating reports to the Region 3 Analyst in accordance with the policies and procedures of the Office of the United States Trustee.

13.  The Debtor's confirmed plan provides for sixty (60) monthly payments, with the first payment to the Trustee commencing on November 1, 2019.  The first twenty-four (24) monthly payments per the plan are in the monthly amount of $31,480.00 and the following thirty-six (36) monthly payments are in the monthly amount of $54,812.00.  The total amount of the base plan is $2,728,752.00.

14. On January 24, 2023, the Trustee filed a status report, indicating that the Debtor was making timely monthly plan payments, which the undersigned Trustee had been disbursing on a monthly basis pursuant to the confirmed plan.

15. The Debtors were experiencing financial difficulty due to low milk prices were not able to make the $54,812.00 monthly payment in June, July, August, and September of 2023.

16. On December 1, 2023, the Trustee filed a Motion to Dismiss the above-captioned case in accordance with 11 U.S.C. Section 1208(c) due to the plan default and Debtors opposed the Motion.

17. In resolution of the Trustee's Motion to Dismiss, the parties agreed that the Debtors would file a motion to modify the plan. On February 7, 2024, the Debtors filed a Motion to modify the Plan.

## **LIMITED OBJECTION TO MODIFICATION OF THE CONFIRMED PLAN**

18. The Trustee incorporates the prior paragraphs herein as if more fully set forth in detail.

19. Page four of the Motion lays out how the Debtor will account for the plan arrearages of $219,248.00 for the missed monthly payments of October, November, and December of 2023.

20. The proposal apparently would allow the debtor to cure the default caused by the $219,248.00 in missed plan payments and would require disbursements of approximately $45,906.00 per month for four months to creditors; however, the Trustee notes that the $219,248.00 in arrearages does not exactly match paragraph 12 of the Debtor's proposal, because the prior Trustee had not been paying the claims on a fixed basis as outlined in paragraph 12 of the Motion to Modify. Rather, the prior Trustee paid some claims at different rates, which in turn affected the way that the current Trustee disbursed. For instance, the Trustee believes that Bradford County has already been paid what it was entitled to be paid in the plan.

21. The Trustee believes that such a proposal where the debtor cures the four months worth of payments by paying the sums to the Trustee for four months after the original plan completion date is permissible if it is deemed a cure, as in the case of *In re Klaas*, 858 F.3d 820, 831. (3d Cir. 2017), where the Third Circuit allowed Chapter 13 Debtors to cure a plan default beyond month sixty. If the payments are considered a cure, then the Trustee believes that the modified plan would not violate 11 U.S. Code § 1229(c) which does not permit the extension of a modified plan beyond sixty months.

22. The Trustee does not oppose the Debtor curing the approximate $219,248.00 beyond month 60 of the plan but the modification should take into account what each creditor has actually received and then the calculations for any arrearages for each particular creditor which were

caused by the Debtor's default should be indicated accordingly in the motion to modify (or in a modified plan).

     WHEREFORE, the Trustee prays that this Honorable Court enter an Order that the proposed Modification is granted in part and denied in part; the Debtors may cure the four months of missed plan payments; however, the Trustee shall disburse future plan payments and the cured plan payments in accordance with the amounts actually due under the plan and also taking into consideration how much has already been paid on each claim, and that no further payments shall be made on Class III-1 of the Farm USDA Service Agency as of the date of the approval of the modified plan.

                                        Respectfully submitted,

                                        /s/ Kara K. Gendron
                                        Kara K. Gendron, Trustee
                                        Mott & Gendron Law
                                        125 State Street
                                        Harrisburg, PA 17101
                                        karagendron@gmail.com
                                        http://www.mottgendronlaw.com
                                        T: (717) 232-6650 | F: (717) 232-0477

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CHAPTER 12 |
| : | |
| GORRELL DAIRY LLC : | CASE NO. 5:18-bk-05275 |
| And : | |
| GLENN D. GORRELL : | |
| ROBIN J. GORRELL : | |
|    Debtors (Jointly Administered) : | |
| : | OBJECTION TO PLAN |
| KARA K. GENDRON : | CONFIRMATION |
| CHAPTER 12 TRUSTEE : | |
|    Movant : | |
| : | |
| v. : | |
| : | |
| GORRELL DAIRY LLC : | |
| And | |
| GLENN D. GORRELL | |
| ROBIN J. GORRELL | |
| Respondents (Jointly Administered) | |

## ORDER

UPON CONSIDERATION of the Trustee's Limited Objection to the Debtors' Motion to Modify Chapter 12 Plan, it is hereby ORDERED AND DECREED that Modification is granted in part and denied in part; the Debtors may cure the four months of missed plan payments; however, the Trustee shall disburse future plan payments and the cured plan payments in accordance with the amounts actually due under the plan, except that no further payments shall be made on Class III-1 of the Farm USDA Service Agency.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 12 |
| | : | |
| GORRELL DAIRY LLC | : | CASE NO. 5:18-bk-05275 |
| And | : | |
| GLENN D. GORRELL | : | |
| ROBIN J. GORRELL | : | |
|    Debtors (Jointly Administered) | : | |
| | : | |
| KARA K. GENDRON | : | |
| CHAPTER 12 TRUSTEE | : | |
|    Movant | : | |
| | : | |
| v. | : | |
| | : | |
| GORRELL DAIRY LLC | : | |
| And | : | |
| GLENN D. GORRELL | : | |
| ROBIN J. GORRELL | : | |
| Respondents (Jointly Administered) | : | |

CERTIFICATE OF SERVICE

The undersigned attorney in the office of:

MOTT & GENDRON LAW, 125 STATE STREET, HARRISBURG, PA 17101

hereby certifies that a copy of the attached documents were mailed today to all parties listed below either electronically of by regular first class mail:

UNITED STATES TRUSTEE
1501 N 6th Street
PO Box 302
Harrisburg, PA 17102

David H Ealy
Counsel for Debtors
Cristo Law Group LLC d/b/a Trevett Cristo
2 State Street
Suite 1000
Rochester, NY 14614
585-454-2181
Email: dealy@trevettcristo.com

Dated: 02/26/2024

/s/ Kara K. Gendron

_____
Kara K. Gendron, Esquire
MOTT & GENDRON LAW
125 State Street
Harrisburg, PA 17101
http://www.mottgendronlaw.com
T: (717) 232-6650 | F: (717) 232-0477
karagendron@gmail.com